**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANDREW L. MEEKS, II, #52872 | ) ) ) | |
| Plaintiff, | ) ) | 3:10-cv-00474-HDM-VPC |
| vs. | ) ) | **ORDER** |
| E. PETERMAN, *et al.* | ) ) | |
| Defendants. | ) ) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

1  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*
2  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

3  Dismissal of a complaint for failure to state a claim upon which relief may be granted is
4  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
5  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under
6  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,
7  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the
8  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
9  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
10 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
11 suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard,
12 the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*
13 *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
14 plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15 Allegations in a *pro se* complaint are held to less stringent standards than formal
16 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
17 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
18 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
19 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
20 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
21 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
22 allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*
23 *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24 To sustain an action under section 1983, a plaintiff must show (1) that the conduct
25 complained of was committed by a person acting under color of state law; and (2) that the conduct
26 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

1  (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued Nevada Department of Corrections ("NDOC") Deputy Director Lori Bagwell, and the following Nevada State Prison ("NSP") personnel: Warden Bill Donat, Associate Warden James Baca, corrections officer E. Peterman and unit caseworker Nancy Flores. Plaintiff alleges that while he was at NSP, officer Peterman retaliated against him by destroying his legal files, which deprived him of access to the courts. He claims that the remaining defendants all denied his grievances regarding the loss of his files. Plaintiff claims that he suffered retaliation in violation of his First Amendment rights and has been denied meaningful access to the courts.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (*i.e.*, filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

Here, plaintiff claims that Peterman retaliated against him "for various pejoritives [sic] that [plaintiff] had previously exchanged with Peterman," by destroying his legal files. Plaintiff does not allege retaliation for his exercise of a constitutionally protected activity. Plaintiff's retaliation claim

3

is dismissed.

With respect to plaintiff's claims that he has been denied access to the courts, prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, *habeas corpus* proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3 & 354-55; *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid*, 190 F.3d at 995. With his claims that defendants either directly destroyed his legal files or denied grievances regarding this incident, preventing plaintiff from submitting three specific court filings, plaintiff states an access to courts claim against all defendants.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is

1 permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or
2 the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the
3 issuance of subpoenas at government expense.

4 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
5 Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk
6 of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the
7 account of Andrew L. Meeks, II, **Inmate No. 52872** (in months that the account exceeds $10.00) until
8 the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the
9 attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box
10 7011, Carson City, NV 89702.

11 **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
12 unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
13 Prisoner Litigation Reform Act of 1996.

14 **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

15 **IT IS FURTHER ORDERED** that plaintiff's retaliation claim is **DISMISSED** with
16 prejudice and without leave to amend.

17 **IT IS FURTHER ORDERED** that plaintiff's access to courts claims **MAY PROCEED**
18 against all defendants.

19 **IT IS FURTHER ORDERED** as follows:

20     1. The Clerk **shall electronically serve a copy of this order, including the attached Notice**
21 **of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office**
22 **of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

23     2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date
24 of entry of this order whether it can accept service of process for the named defendants.  As to any of
25 the named defendants for which the Attorney General's Office cannot accept service, the Office shall
26 file, *under seal*, the last known address(es) of those defendant(s).

5

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 16th day of November, 2010.

_Howard D McKibben_
_____
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )   Case No. _____
                  Plaintiff,  )
                              )
v.                            )   **NOTICE OF INTENT TO**
                              )   **PROCEED WITH MEDIATION**
_____      )
                              )
_____      )
                  Defendants. )
_____)

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

    _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

    _____

    _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

    _____

1   _____

2   _____

3   _____

4   5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

  _____

  _____

  _____

  _____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

        Dated this ____ day of _____, 20____.

                                    _____
                                    Signature

                                    _____
                                    Name of person who prepared or
                                    helped prepare this document