UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW MEEKS ) | |
| Plaintiff, ) | 3:10-cv-00474-HDM-VPC |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| EDWARD PETERMAN, ET AL. ) | |
| ) | May 11, 2011 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#11).[1] Plaintiff opposed (#17) and defendants replied (#18). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#11) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Andrew L. Meeks, II ("plaintiff") is an inmate at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#1). Plaintiff's complaint alleges that defendant Peterman retaliated against him by destroying his legal files, thus preventing him from accessing the court (#4, pp. 4-7). Further, plaintiff claims that defendants denied his grievances regarding the destruction of his legal files. *Id.* at 8. Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's complaint and found that "[w]ith his claims that defendants either directly destroyed his legal files or denied grievances regarding this incident, preventing plaintiff from submitting three specific court filings, plaintiff state an access to courts claim against all defendants" (#3, p. 4). Specifically, plaintiff claims he was prevented from filing the following documents: (1) petition for rehearing in the Ninth Circuit Court of Appeals for case number 08-15477, (2) petition

---

[1] Refers to the court's docket numbers.

for writ of certiorari in the U.S. Supreme Court for case number 08-15477, and (3) petition in "State/Federal District Court to show 'actual innocence'" (#4, p. 7). The court dismissed plaintiff's retaliation claims upon screening (#3, pp. 3-4).

Defendants' present motion requests that the court dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted (#11, p. 1). Defendants note that on April 22, 2009, the Ninth Circuit Court of Appeals affirmed the District Court's judgment denying plaintiff's *habeas* petition. *Id.* at 2. On May 7, 2009, plaintiff filed a petition for rehearing *en banc*, which the Ninth Circuit denied on June 19, 2009 stating: "No further filings will be accepted in this closed case." *Id.* On June 29, 2010, plaintiff filed this action, claiming that by destroying his legal files in late 2008 and March 2009, defendants denied him the right to access the courts to file a petition for rehearing in the Ninth Circuit, a writ of certiorari to the U.S. Supreme Court, and a petition to show actual innocence. *Id.* Defendants argue that plaintiff's complaint should be dismissed because the facts demonstrate that he was able to file a petition for rehearing in this case after the alleged destruction of his legal files.[2] *Id.* at 3-4. Therefore, defendants believe plaintiff cannot show an actual injury, which is required to state a First Amendment access to the court claim. *Id.* at 4.

In his opposition, plaintiff first argues that defendants do not address his inability to file a writ of certiorari or a petition to claim actual innocence (#17, p. 2). Plaintiff then states that while he was able to file a petition for rehearing *en banc* pursuant to Federal Rule of Civil Procedure 35, he was unable to file a petition for a panel rehearing pursuant to Federal Rule of Civil Procedure 40. *Id.* at 3. Plaintiff explains that he was able to file the petition for rehearing *en banc* because he only had to "stress the importance" of the issues according to the rule - a task he could complete without access to his legal paperwork. *Id.* at 9. On the other hand, a petition for a panel rehearing requires

---

[2] Defendants acknowledge that generally courts may not consider material outside of the pleadings without converting a motion to dismiss into a summary judgment motion (#11, p. 3). However, defendants note two exceptions to this rule: (1) a court may consider documents whose authenticity is not contested and upon which the plaintiff relied in his complaint, and (2) a court may take judicial notice of "matters of public record." *Id.* (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). The court agrees that exception number two applies to the instant dispute and, therefore, takes judicial notice of the following public court documents: (1) *Meeks v. Farwell et al.*, No. 08-15447 (April 22, 2009) (memorandum affirming the District Court's denial of plaintiff's *habeas* petition); (2) *Meeks v. Farwell et al.*, No. 08-15447 (June 19, 2009) (order denying plaintiff's petition for rehearing *en banc*).

plaintiff to state with particularity the points of law and facts that he believes the court overlooked or misapplied, which plaintiff argues he could not do without his legal notes. *Id.* at 9-10.

Defendants' reply states that it is "a matter of undisputed fact [that] Plaintiff exercised his access to the court and his complaint is without merit" (#18, p. 2). Defendants explain that "besides the showing a party must make why rehearing *en banc* or certiorari review should be granted being greater than the showing for simple rehearing by the panel, the legal arguments for relief whether on *en banc* review or certiorari are the same." *Id.* Defendants describe plaintiff's argument as "a difference without a distinction." *Id.* Finally, defendants explain that because plaintiff admits the denial of rehearing was the denial to reconsider plaintiff's appeal of his *habeas* petition, defendants are "unclear as to what access to the court Plaintiff refers in claims Defendants denied his access to show his actual innocence." *Id.*

## II. DISCUSSION & ANALYSIS

**A.   Discussion**

    **1.   Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir.1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1955.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs to a two-pronged approach. *Id.* First, the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*

1  *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Thus, a complaint may be dismissed as a matter of
2  law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."
3  *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson*
4  *v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

5  Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the
6  deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and
7  (2) that the defendant acted under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see*
8  *also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

9  A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where
10 it appears certain that the plaintiff would not be entitled to relief.  *Ortez v. Washington County, State*
11 *of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less
12 stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972),
13 sweeping conclusory allegations will not suffice.  *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

14 **B.    Analysis**

15 Defendants move this court to dismiss plaintiff's complaint for failure to state a claim upon
16 which relief may be granted because they believe plaintiff's access to the court was not hindered, as
17 evidenced by the fact that he filed a petition for rehearing *en banc* after the alleged destruction of his
18 legal files (#11, p. 4).  Plaintiff argues that he was able to file a petition for rehearing *en banc*
19 without access to his legal paperwork, but not a petition for a panel rehearing, which he believes
20 would require access to his legal files (#17, p. 3).  Further, plaintiff contends that he was not able to
21 file a writ of certiorari or a petition in "State/Federal District Court to show 'actual innocence,'" due
22 to defendants' destruction of his legal files and denial of his grievances.  *Id.* at 2.

23    **1.    First Amendment Access to Court**

24 Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey,* 518 U.S.
25 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by*
26 *Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990).  However, the right of
27 access to the courts is only a right to bring direct criminal appeals, a *habeas corpus* petition, or civil

1 rights complaint. *See Lewis*, 518 U.S. at 354-55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). "[T]he [U.S.] Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a *habeas* or civil rights action." *Cornett*, 51 F.3d at 898-99 (discussing at length the U.S. Supreme Court's decisions in *Bounds* and *Wolff v. McDonnell*, 418 U.S. 539 (1974), in concluding that the right of access requires that the state provide assistance through the pleading stage only). Thus, an inmate does not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition or, by extension, to petition for reconsideration of such an appeal.

To establish a violation of the right to access the courts, a prisoner must establish that he or she suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis,* 518 U.S. at 348 (citation omitted); *see also Alvarez v. Hill,* 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a non-frivolous legal claim ha[s] been frustrated is fatal" to a claim for denial of access to courts) (citing *Lewis,* 518 U.S. at 353 n.4)). Actual injury is defined as actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim. *Id.* at 348 (citation and internal quotations omitted).

First, plaintiff claims he was unable to submit a petition for a panel rehearing, a writ of certiorari, or a petition to show actual innocence, due to the destruction of his legal files and defendants' denial of his grievances. However, defendants' alleged denial of plaintiff's access to the court in order to petition for a rehearing and to file a writ of certiorari does not state a claim upon which relief may be granted, as inmates do not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition or to petition for rehearing of such an appeal.

Second, as plaintiff already filed a *habeas* petition, the court is unclear as to what plaintiff is referring when he states that he was denied access to the court to file a petition in "State/Federal District Court to show 'actual innocence.'" If plaintiff means that he intends to file a second *habeas* petition, the court notes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

1 authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). In other words,
2 if plaintiff plans to file a successive *habeas* petition, he is required to obtain leave of the Ninth
3 Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) *et seq*. Plaintiff has not presented this court
4 with proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of
5 Appeals. Therefore, plaintiff fails to state a claim upon which relief may be granted for the inability
6 to access a "State/Federal District Court to show 'actual innocence,'" as plaintiff does not have leave
7 from the appropriate court to file such a claim.

8 Finally, the court record reflects that plaintiff was capable of filing a petition for rehearing
9 *en banc*, after the alleged destruction of his legal files, which indicates that his access to the court
10 was not hindered. While plaintiff states that he was able to file the petition for rehearing *en banc*
11 because the standard is lower than that of a petition for a panel rehearing, the court is not persuaded
12 by this argument. Many litigants file both petitions at the same time, and both require a showing that
13 the panel decision conflicts with authoritative law or persuasive law from another jurisdiction.
14 *Compare* Fed. R. App. P. 35(b)(1)(A)-(B) (stating that a petition for rehearing *en banc* requires a
15 showing that "the panel decision conflicts with a decision of the United States Supreme Court or of
16 the court to which the petition is addressed" or "the proceeding involves one or more questions of
17 exceptional importance, . . . for example, a petition may assert that a proceeding presents a question
18 of exceptional importance if it involves an issue on which the panel decision conflicts with the
19 authoritative decisions of other United States Courts of Appeals), *with* Fed. R. App. P. 40(a)(2)
20 (stating that a petition for panel rehearing "must state with particularity each point of law or fact that
21 the petitioner believes the court has overlooked or misapprehended"). In either case, plaintiff has
22 the burden to demonstrate to the Ninth Circuit that the panel erred in its application or interpretation
23 of the law; therefore, if plaintiff was capable of filing a petition for rehearing *en banc*, he was
24 presumably capable of also filing a petition for a panel rehearing.

25 Therefore, because plaintiff filed a petition for rehearing *en banc* even after the alleged
26 destruction of his legal files, the court finds that he does not state an access to the courts claim
27 because he does not allege an actual injury. Further, the court admonishes plaintiff that he may not

file civil rights cases in an effort to relitigate his failed *habeas* petition.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to dismiss (#11) be **GRANTED**. Plaintiff does not have a constitutional right of access to the courts to appeal denial of his *habeas* petition, the Ninth Circuit did not grant plaintiff leave to file a second *habeas* petition, and plaintiff fails to allege an actual injury required to state an access to courts claim, as he filed a petition for rehearing *en banc* after defendants' alleged destruction of his legal files. The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#11) be **GRANTED**.

**DATED**: May 11, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**