**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW MEEKS                            )
                                        )
          Plaintiff,          )         3:10-cv-00474-HDM-VPC
                                        )
      v.                            )
                                        )        **REPORT AND RECOMMENDATION**
                                        )        **OF U.S. MAGISTRATE JUDGE**
                                        )
EDWARD PETERMAN, *et al.*,              )
                                        )        June 18, 2012
          Defendants.         )
_____ )

      This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendant's motion to dismiss (#58).[1] Plaintiff opposed (#60) and defendant replied (#61).  The court has thoroughly reviewed the record and recommends that defendant's motion to dismiss (#58) be granted.

## I.  HISTORY & PROCEDURAL BACKGROUND

      Plaintiff Andrew L. Meeks, II ("plaintiff") is a *pro se* inmate at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#62).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Peterman retaliated against him by destroying his legal files, thus preventing him from accessing the court (#4, pp. 4-7).  Plaintiff further claims that defendants Bagwell, Donat, Baca, and Flores denied his grievances regarding the destruction of his legal files.  *Id.* at 8.  Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and found that "[w]ith his claims that defendants either directly destroyed his legal files or denied grievances regarding this incident, preventing plaintiff from submitting three specific court filings, plaintiff states an access to courts claim against all defendants" (#3, p. 4).  Specifically,

---

[1]      Refers to the court's docket numbers.

plaintiff claims defendants' acts prevented him from filing the following documents: (1) petition for rehearing in the Ninth Circuit Court of Appeals for case number 08-15477, (2) petition for writ of certiorari in the U.S. Supreme Court for case number 08-15447, and (3) petition in "State/Federal District Court to show 'actual innocence'" (#4, p. 7). The court dismissed plaintiff's retaliation claims upon screening (#3, pp. 3-4). The court previously dismissed defendants Donat, Baca, Flores, and Peterman for failure to state a claim for which relief could be granted (#29, #33). The only remaining defendant is NDOC Deputy Director Lori Bagwell ("defendant").

On February 2, 2011, defendants Donat, Baca, Flores, and Peterman filed a motion to dismiss, and argued that plaintiff's complaint failed to state a claim for which relief could be granted as he could not demonstrate an "actual injury" (#11). On March 11, 2011, a Notice of Acceptance of Service was filed on behalf of defendant Bagwell, but she was not joined in the motion to dismiss (#21). On May 11, 2011, this court entered a Report and Recommendation recommending that defendants' motion to dismiss be granted (#29) and the district court adopted and accepted the recommendation (#33).

Defendant's present motion requests that the court dismiss plaintiff's complaint against defendant Bagwell for failure to state a claim upon which relief may be granted (#58, p. 2). Defendant notes that this court previously dismissed other defendants based on the same substantive arguments raised in this motion to dismiss. *Id.* at 3. Specifically, defendant argues that on April 22, 2009, the Ninth Circuit Court of Appeals denied plaintiff's appeal from the Nevada federal court's judgment denying his *habeas* petition under 28 U.S.C. § 2254. *Id.* On May 7, 2009, plaintiff filed a petition for a rehearing *en banc*. *Id.* On June 19, 2009, the Ninth Circuit Court of Appeals affirmed the District Court's judgment denying plaintiff's *habeas* petition and denied the petition for a rehearing *en banc* stating: "No further filings will be accepted in this closed case." *Id.* On June 29, 2010, plaintiff filed this action and alleged that by destroying his legal files in late 2008 and March 2009, defendant denied him the right to access the court to file a petition for a rehearing in the Ninth Circuit, a writ of certiorari to the U.S. Supreme Court, and a petition to "show actual innocence" (#4). Defendant argues that plaintiff's complaint should be dismissed because the facts

demonstrate that he was able to file a petition for rehearing in this case after the alleged destruction of his legal files.[2]  Therefore, defendant believes that plaintiff cannot show an actual injury, which is required to state a First Amendment access to the court claim.  *Id*. at 6.  In the alternative, defendant argues that she cannot be held liable solely for responding to plaintiff's grievances.  *Id*.

In his opposition, plaintiff contends that he was "actually injured" by defendant's acts which prevented him "from being able to request a panel rehearing as well as a rehearing *en banc*" (#60, p. 2).  Plaintiff states that due to defendant's acts he was unable to file a petition for a panel rehearing pursuant to Federal Rule of Appellate Procedure 40.  *Id*. at 3.  Plaintiff states that a petition for a panel rehearing would require plaintiff to cite particular points of law and fact that he believed the Appeals Court overlooked or misapprehended.  *Id*.  Plaintiff asserts that he could not do this without his case file.  *Id*. at 3-4.  Finally, plaintiff agues that defendant did more than respond to grievances because she is "accused of having direct involvement and specific intent to oppress and defraud."  *Id*. at 6.

Defendant replies that plaintiff does not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition, or to petition for rehearing of such an appeal (#61, p. 2).  Further, defendant notes that plaintiff filed a petition for rehearing *en banc* after the alleged destruction of his legal files.  *Id*.  Additionally, defendant states that nothing would have precluded plaintiff from filing both the petition for rehearing *en banc* and petition for rehearing at the same time.  *Id*.

## II.  DISCUSSION & ANALYSIS

### A.    Discussion

---

[2]    Defendant acknowledges that generally courts may not consider material outside of the pleadings without converting a motion to dismiss into a summary judgment motion (#58, p. 4).  However, defendant notes two exceptions to this rule: (1) a court may consider documents whose authenticity is not contested and upon which the plaintiff relied in his complaint, and (2) a court may take judicial notice of "matters of public record."  *Id*. at 5 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).  The court agrees that exception number two applies to the instant dispute, and, therefore, takes judicial notice of the following public court documents: (1) *Meeks v. Farwell et al.*, No. 08-15447 (April 22, 2009) (memorandum affirming the District Court's denial of plaintiff's *habeas* petition); and (2) *Meeks v. Farwell et al.*, No. 08-15447 (June 19, 2009) (order denying plaintiff's petition for rehearing *en banc*).

**1.     Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir.1983) (citation omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 678.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs to a two-pronged approach.  *Id.*  First, the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*  In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendant acted under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief.  *Ortez v. Washington County, State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice.  *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

4

**B.    Analysis**

Defendant moves this court to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted because she believes plaintiff's access to the court was not hindered, as evidenced by the fact that he filed a petition for rehearing *en banc* after the alleged destruction of his legal files (#58, pp. 5-6).  Plaintiff argues that he suffered an actual injury because he was unable to request a panel rehearing pursuant to Federal Rule of Civil Procedure 40 (#60, pp. 2-4).  In his opposition, plaintiff does not discuss his inability to petition for writ of certiorari or inability to file a petition in state or federal court to show "actual innocence."

**1.    First Amendment Access to Court**

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990).  However, the right of access to the courts is only a right to bring direct criminal appeals, a *habeas corpus* petition, or civil rights complaint.  *See Lewis*, 518 U.S. at 354-55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995).  "[T]he [U.S.] Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a *habeas* or civil rights action."  *Cornett*, 51 F.3d at 898-99 (discussing at length the U.S. Supreme Court's decisions in *Bounds* and *Wolff v. McDonnell*, 418 U.S. 539 (1974), in concluding that the right of access requires that the state provide assistance through the pleading stage only).  Thus, an inmate does not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition or, by extension, to petition for reconsideration of such an appeal.

To establish a violation of the right to access the courts, a prisoner must establish that he or she suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  *See Lewis,* 518 U.S. at 348 (citation omitted); *see also Alvarez v. Hill,* 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a non-frivolous legal claim ha[s] been frustrated is fatal" to a claim for denial of access to courts) (citing *Lewis,* 518 U.S. at 353 n.4)).  Actual injury is defined as actual prejudice with respect to contemplated or existing litigation,

such as inability to meet a filing deadline or present a claim.  *Id.* at 348 (citation and internal quotations omitted).

First, plaintiff claims he was unable to submit a petition for a panel rehearing, a writ of certiorari, or a petition to show actual innocence, due to the destruction of his legal files and defendant's denial of his grievances.  However, defendant's alleged denial of plaintiff's access to the court in order to petition for a rehearing and to file a writ of certiorari does not state a claim upon which relief may be granted, as inmates do not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition to the U.S. Supreme Court or to petition for rehearing of such an appeal.  *See Lewis*, 518 U.S. at 354-55

Second, as plaintiff already filed a *habeas* petition, the court is unclear as to what plaintiff is referring when he states that he was denied access to the court to file a petition in "State/Federal District Court to show 'actual innocence'" (#4, p. 5).  If plaintiff means that he intends to file a second *habeas* petition, the court notes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(3)(A).  Thus, if plaintiff plans to file a successive *habeas* petition, he must obtain leave of the Ninth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3) *et seq.*  Plaintiff has not presented this court with proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals.  Therefore, plaintiff fails to state a claim upon which relief may be granted for the inability to access a "State/Federal District Court to show 'actual innocence,'" as plaintiff does not have leave from the appropriate court to file such a claim and plaintiff has already filed a *habeas* petition in the district court.

Finally, plaintiff cannot demonstrate an actual injury.  The record shows that plaintiff filed a petition for rehearing *en banc*, after the alleged destruction of his legal files, which indicates that his access to the court was not hindered.  The court is not persuaded by plaintiff's argument that he was able to file the petition for rehearing *en banc* because the standard is lower than that of a petition for a panel rehearing.  Many litigants file both petitions at the same time, and both require a showing

that the panel decision conflicts with authoritative law or persuasive law from another jurisdiction. *Compare* Fed. R. App. P. 35(b)(1)(A)-(B) (stating that a petition for rehearing *en banc* requires a showing that "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed" or "the proceeding involves one or more questions of exceptional importance, . . . for example, a petition may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals), *with* Fed. R. App. P. 40(a)(2) (stating that a petition for panel rehearing "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended"). In either case, plaintiff has the burden to demonstrate to the Ninth Circuit that the panel erred in its application or interpretation of the law; therefore, if plaintiff was capable of filing a petition for rehearing *en banc*, he was presumably capable of also filing a petition for a panel rehearing.

Therefore, because plaintiff filed a petition for rehearing *en banc* after the alleged destruction of his legal files, the court finds that he does not state an access to the courts claim because he does not allege an actual injury. Moreover, plaintiff does not have a constitutional right to access to the courts to appeal a denial of a *habeas* petition to the U.S. Supreme Court, or to petition for rehearing of such an appeal. Further, the court admonishes plaintiff that he may not file civil rights cases in an effort to relitigate his failed *habeas* petition.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendant's motion to dismiss (#58) be **GRANTED**. Plaintiff does not have a constitutional right of access to the courts to appeal denial of his *habeas* petition by requesting a rehearing or by filing a writ of certiorari, and the Ninth Circuit did not grant plaintiff leave to file a second *habeas* petition. Finally, plaintiff fails to allege an actual injury required to state an access to courts claim, as he filed a petition for rehearing *en banc* after the alleged destruction of his legal files. The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen

days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#58) be **GRANTED**.

**DATED**: June 18, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**